UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE LAMAR BAILEY,<br><br>Plaintiff,<br><br>v.<br><br>J. CLASON, et al.,<br><br>Defendants. | No.  2:22-cv-1670 WBS DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendants violated his rights under the First, Eighth, and Fourteenth Amendments.  Presently before the court is defendants' fully briefed motion to dismiss.  (ECF No. 28.)

In their motion to dismiss, defendants state that prior to filing the complaint in this action, plaintiff sued defendants in Sacramento Superior Court on November 9, 2020.[1]  (ECF No. 28-1 at 3.)  Defendants assert that plaintiff alleges in both actions that defendants failed to protect him from an assault by an unidentified inmate on March 26, 2020, and that as a result of the attack plaintiff suffered stab wounds to his chest and ear.  (Id.)  Defendants indicate that the only

---

[1] This court grants defendants' request for judicial notice of court documents from plaintiff's action in Sacramento Superior Court and takes notice of other relevant documents and filings in that proceeding.  See Fed. R. Evid. 201; Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

1

1 difference in the two actions is that in the Sacramento Superior Court case plaintiff claimed
2 defendants were negligent and in the instant case plaintiff claims defendants' actions violated his
3 rights under the Eighth Amendment.  (Id.)
4 　　　　Defendants argue the complaint should be dismissed pursuant to the provisions of 28
5 U.S.C. § 1915(e)(2), which states that a court "shall dismiss the case at any time if [it] determines
6 that . . . the action or appeal is frivolous or malicious."  (Id. at 4.)  Defendants argue that a
7 complaint that repeats pending, or previously litigated claims is frivolous or malicious under
8 § 1915(e)(2)(B)(i).  Alternatively, defendants request that this action be stayed or dismissed in the
9 interest of conserving judicial resources under Colorado River Water Conservation District v.
10 United States, 424 U.S. 800 (1976) because of the concurrent case in state court.  (Id. at 6.)
11 Defendants allege that five of the eight factors courts consider to determine whether the action
12 should be stayed or dismissed weigh in favor of a dismissal or stay of the instant action.  (Id. at 7-
13 8.)
14 　　　　After defendants filed this motion to dismiss, plaintiff moved to dismiss his case in
15 Sacramento Superior Court.  (ECF No. 29 at 1, 3; see Request for Dismissal at 1, Bailey v. J.
16 Clason et al., No. 34-2020-00288484 (Cal.Super.Ct. Nov. 17, 2023).)  Based on this court's
17 reading of the docket in plaintiff's superior court case, his motion to dismiss was in fact granted
18 and the case was dismissed on November 17, 2023.  (Request for Dismissal at 1, Bailey v. J.
19 Clason et al., No. 34-2020-00288484 (Cal.Super.Ct. Nov. 17, 2023).)
20 　　　　Based on this new information, defendant's motion to dismiss appears no longer
21 applicable because there is no longer a pending or concurrent case in state court.  In light of this,
22 the undersigned will direct the defendants to file briefing on whether their motion to dismiss is
23 still valid since plaintiff has dismissed his case in state court.
24 ////
25 ////
26 ////
27 ////
28

Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this order defendants shall file and serve a brief indicating whether there are still legitimate grounds for this case to be dismissed.

Dated: May 6, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:17
DB/DB Prisoner Inbox/Civil Rights/S/bail1670.supp.brief.