UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE LAMAR BAILEY,<br><br>Plaintiff,<br><br>v.<br><br>J. CLASON, et al.,<br><br>Defendants. | No. 2:22-cv-1670 WBS DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his rights under the Eighth Amendment. Presently before the court is defendants' fully briefed motion to dismiss. For the reasons set forth below, the undersigned will recommend that the motion be denied.

**BACKGROUND**

**I.     Procedural History**

Plaintiff initiated this action with the filing of the complaint. (ECF No. 1.) The undersigned screened the complaint and determined it stated cognizable excessive force and failure to protect claims but failed to state cognizable retaliation and equal protection claims. (ECF No. 7.) Plaintiff was given the option to proceed with the complaint as screened or to file an amended complaint. (Id.) Plaintiff opted to proceed immediately, voluntarily dismissing his retaliation and equal protection claims (ECF No. 10), and service was ordered on defendants

(ECF No. 11). Following service, this action was referred to the court's Post-Screening ADR (Alternative Dispute Resolution) Project. (ECF No. 17.) Defendants requested to opt out. (ECF No. 25.) The request was granted (ECF No. 26), and defendants filed the instant motion to dismiss alleging that plaintiff's case in this court is duplicative of a case plaintiff filed in Sacramento Superior Court. (ECF No. 28). Based upon this court's review of the Sacramento Superior Court docket, plaintiff voluntarily dismissed that case on November 17, 2023. (Request for Dismissal at 1, Bailey v. J. Clason et al., No. 34-2020-00288484 (Cal.Super. Ct. Nov. 17, 2023).)[1] At this court's order, defendants filed a supplemental brief addressing whether the dismissal of plaintiff's state court case impacts the instant motion to dismiss. (ECF No. 36.)

**II.     Allegations in Plaintiff's Federal Court Complaint**

The events giving rise to the claim occurred while plaintiff was incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") housed at California State Prison, Sacramento ("SAC"). (ECF No. 1 at 1, 3.) Plaintiff has identified SAC correctional officers Calamia and J. Clason as defendants in this action. (Id. at 2.)

On March 26, 2020, plaintiff was housed on unit number 7, a unit designated for inmates receiving mental health treatment. (Id. at 3.) Plaintiff states that on this date he was a participant in the Mental Health Services Delivery System at the Enhanced Outpatient Level of Care. Plaintiff notes this is the highest level of care available in CDCR.

Plaintiff alleges that he was using the telephone when he was approached by another inmate. (Id.) "A long, boisterous argument ensued in which both mens['] posture was highly confrontational and appeared to be leading to an altercation." (Id.) Officer Calamia was in the housing unit and it was his "duty to control all movement in the building, to open and close doors, closely monitor and observe the actions of the prisoners[,] and to provide coverage for the safety and security of floor staff and inmates by employing a number of non-lethal and lethal weapons at his disposal." (Id.)

---

[1] This court takes judicial notice of relevant documents and filings in plaintiff's action in Sacramento Superior Court. See Fed. R. Evid. 201; Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

2

Plaintiff alleges Calamia observed the confrontation between plaintiff and the other inmate. (Id.) He further states the other inmate noticed Calamia's observation and walked away to the other side of the dayroom. "Several minutes later . . . Calamia called the other inmate over and he stood there in a discussion with [correctional officer] Calamia and [correctional officer] J. Clason for several minutes as [plaintiff] observed the three of them intermit[e]ntly looking over at [plaintiff] and laughing." (Id. at 3-4.)

As plaintiff was ending his phone call, the inmate approached plaintiff and stabbed him in the chest and the ear. (Id. at 4.) He states that "[i]nitially, both defendants just watched the attack. Then as [plaintiff] began trying to fight the assailant off of [him], defendant J. Clason walked over yelling 'break it up.'" (Id.) When the other inmate did not comply, Clason used OC pepper spray directly at plaintiff as plaintiff was backing away from his attacker.

Plaintiff alleges defendants violated their responsibility as CDCR employees, failed to protect him, and "inflicted further harm by deplo[y]ing OC Pepper Spray directly to his fresh wounds and intentionally causing him enhanced pain from his injuries." (Id.)

### III. Allegations in Plaintiff's Superior Court Complaint

In their motion to dismiss, defendants included plaintiff's complaint from the Sacramento Superior Court. (See ECF No. 28-2 at 4-8 (Complaint for Personal Injury).) In the Sacramento Superior Court, plaintiff brought a state tort claim of negligence against defendants Clason and Calamia on November 9, 2020.[2] (ECF No. 28-2 at 4-8.) In his state court complaint, plaintiff alleged that he was a "victim of a violent attempted murder" that was "set up by the [defendants]." (Id. at 7.) "The officers did not follow protocol and were very blatant in their attempt to promote violence against [plaintiff] which led to [plaintiff] suffering two stab wounds . . . ." (Id.) By way of relief, plaintiff requests compensatory and punitive damages according to proof. (Id. at 6.)

////

////

---

[2] Three other defendants were named on the superior court complaint. (ECF No. 28-2 at 4.)

3

1    Plaintiff filed multiple requests for status updates, but no other progress was made in the case.

2    (See id. at 10-11 (Sacramento Superior Court Docket); ECF No. 30-1 at 4, 6, 8.)

3    Plaintiff moved to voluntarily dismiss the complaint, and it was dismissed on November 17,

4    2023.  (Request for Dismissal at 1, Bailey v. J. Clason et al., No. 34-2020-00288484 (Cal.Super.

5    Ct. Nov. 17, 2023.)

## MOTION TO DISMISS

In their motion to dismiss, defendants state that prior to filing the complaint in this action, plaintiff sued defendants in Sacramento Superior Court.  (ECF No. 28-1 at 3.)  Defendants allege that in both actions, plaintiff asserted that defendants failed to protect him from an assault by an unidentified inmate on March 26, 2020, and that as a result of the attack plaintiff suffered stab wounds to his chest and ear.  (Id.)  Defendants indicate that the only difference in the two actions is that in the Sacramento Superior Court case plaintiff claimed defendants were negligent and in the instant case plaintiff claims defendants' actions violated his rights under the Eighth Amendment.  (Id.)

Defendants argue the complaint should be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2), which states that a court "shall dismiss the case at any time if [it] determines that . . . the action or appeal is frivolous or malicious."  (Id. at 4.)  Defendants argue that a complaint that repeats pending, or previously litigated claims is frivolous or malicious under § 1915(e)(2)(B)(i).  Alternatively, defendants request that this action be stayed or dismissed under the Colorado River doctrine in the interest of conserving judicial resources because of the concurrent case in state court.  (Id. at 6.)  Defendants allege that of the eight factors courts consider to determine whether the action should be stayed or dismissed, five weigh in favor of a dismissal or stay of the instant action.  (Id. at 7-8.)

////
////
////
////
////

In plaintiff's opposition to the motion to dismiss, plaintiff states:

> [H]e erroneously mis-spelled the defendants name and was under the impression that his complaint was legally deficient, and therefor[e] unmist[akably] lost for good. Plaintiff, is a lay-person in law, he accidently, erroneously filed a complaint in state court, incorrectly filed as he knew nothing about state tort procedures. He was under the misconception that he misspelled the defendants name therefore, the state tort was null & void.

(ECF No. 29 at 1.) He claims he erroneously filed in state court under negligence, but "he actually could not find a charge that best described the case at hand." (Id.) He also states that he filed a motion to dismiss the state court case on October 16, 2023. (Id.) Thus, he concludes, the federal court is the only forum left to prosecute his case. Defendants filed a reply. (ECF No. 30.)

In defendants supplemental brief, they argued that dismissal of plaintiff's state court action is not a relevant consideration to the instant motion and that allowing this action to proceed will encourage future frivolous lawsuits. (ECF No. 36 at 3-4.)

## LEGAL STANDARDS

### I. Frivolous Complaint Under 28 U.S.C. § 1915

"District courts retain broad discretion to control their own dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" Adams v. Cal. Dept. of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). The Prison Litigation Reform Act ("PLRA") states that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); see also 42 U.S.C. § 1997e(c)(1). The Ninth Circuit has held that a complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)); see Bailey, 846 F.2d at 1021 ("[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e).)

To determine whether a claim is duplicative, the Ninth Circuit applies the test for claim preclusion. Adams, 487 F.3d at 688. That test looks at: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (quoting Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir. 1980)). The last factor is the most important. Id. at 1202.

### II.     Colorado River Doctrine

The Colorado River doctrine, deals "with the problem posed by the contemporaneous exercise of concurrent jurisdiction by state and federal courts." Smith v. Central Ariz. Water Conservation Dist., 418 F.3d 1028, 1032 (9th Cir. 2005); see Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" Colorado River, 424 U.S. at 817 (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)). Given the obligation of federal courts to exercise the jurisdiction given to them, "and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist." Id. at 818. When federal issues are raised in a federal case, this is always a "major consideration weighing against surrender" of federal jurisdiction. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 (1983). This is especially true in the context of § 1983 cases where there is a strong interest in providing a federal forum to hear these claims. Tovar v. Billmeyer, 609 F.2d 1291, 1293 (9th Cir. 1980). Therefore, the Colorado River doctrine should only be invoked when there are clear and exceptional circumstances weighing in favor of dismissal. Id.

////

In deciding whether to dismiss or stay a federal case in favor of a state case, courts in the Ninth Circuit look at the following eight factors:

> (1) [W]hich court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

R.R. St. & Co. v. Transport Ins. Co., 656 F.3d 966, 978-79 (9th Cir. 2011) (citing Holder v. Holder, 305 F.3d 854, 870 (9th Cir. 2002)).  "Some factors may not apply in some cases, and '[a]ny doubt as to whether a factor exists should be resolved against a stay' or dismissal." Montanore Minerals Corp. v. Bakie, 867 F.3d 1160, 1166 (9th Cir. 2017), as amended on denial of reh'g and reh'g en banc (Oct. 18, 2017) (quoting Seneca Ins. Co. v. Strange Land, Inc., 862 F.3d 835, 842 (9th Cir. 2017)).

## ANALYSIS

### I. Motion to Dismiss as Frivolous under 28 U.S.C. § 1915(e)

Defendants argue that plaintiff's claim should be dismissed as frivolous under the PLRA because it is duplicative of a pending or previously litigated claim in state court.  However, the cases defendants cite to support their argument that the instant case is duplicative under the PLRA involve determining whether an ongoing case in federal court is duplicative of another case in federal court, which is not the situation here.  See, e.g., McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997); Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993); Van Meter v. Morgan, 518 F.2d 366 (8th Cir. 1975); Richson-Bay v. Palmer, No. 23-cv-00778 NODJ EPG PC, 2024 WL 812847 (E.D. Cal. Feb. 27, 2024) (Findings and Recommendations not yet accepted or rejected) (finding case in federal court duplicative of another case in federal court that plaintiff voluntarily dismissed, after the court moved to dismiss it); see also Adams, 487 F.3d at 688 ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" (emphasis added) (citation omitted).

7

1  The more appropriate analysis to determine whether a claim in federal court is duplicative of a claim in state court is under the Colorado River doctrine, discussed below. See Noel v. Hall, 341 F.3d 1148, 1159 (9th Cir. 2003) (stating that it is a "well-established rule[]" that "overlapping or even identical federal and state court litigation may proceed simultaneously, limited only by doctrines of abstention and comity"); Hudson v. Bigney, No. 2:11–cv–3052 LKK AC P, 2012 WL 6203055, at *3 (E.D. Cal. Dec. 12, 2012) ("The mere existence of simultaneous state and federal lawsuits does not support dismissal or stay."); id. at *2 ("[A]ny discussion of federal court deferral to a parallel state proceeding for reasons apart from the three traditional categories of abstention [not applicable here] must begin with Colorado River . . . ." (citing Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co., 600 F.2d 1228, 1233 (7th Cir. 1979)); see also Sanzaro v. Ardiente Homeowners Ass'n LLC, 513 F. App'x 646, 647 (9th Cir. 2013) ("Dismissal of [plaintiffs'] FHA claim as duplicative of a state court action was improper because the other action is not in the same court as the present action and does not include [plaintiffs'] FHA claim." (citing Adams, 487 F.3d at 688-89); Dzhanikyan v. Liberty Mutual Ins. Co., No. CV 14-00415 MMM MANx, 2014 WL 12781773, at *9 (C.D. Cal. May 9, 2014) (listing cases limiting Adams to situations where both cases are pending before the same federal court). The court addresses the Colorado River doctrine below.

Further, based on this court's reading of the Sacramento Superior Court docket, plaintiff dismissed his state court case on November 17, 2023. (Request for Dismissal at 1, Bailey v. J. Clason et al., No. 34-2020-00288484 (Cal.Super. Ct. Nov. 17, 2023).) Since plaintiff no longer has an ongoing case in state court and no substantial progress was made in that case, there is currently no "pending" or "previously litigated" case. Therefore, the motion to dismiss as frivolous is denied.

**II.     Request to Stay Proceedings Under Colorado River**

Defendants also argue that this case should be dismissed or stayed for the purposes of wise judicial administration under the Colorado River doctrine because it is duplicative of an ongoing case in state court. Defendants allege that five of the eight factors courts consider support dismissal or stay. (ECF No. 28-1 at 7-8.)

8

However, since there is no longer a pending case in state court, the Colorado River doctrine no longer applies. See Ill. Sch. Dist. Agency v. Pac. Ins. Co., Ltd., 471 F.3d 714, 724 n.4 (7th Cir. 2006) ("[B]ecause a state court action was no longer pending, Colorado River abstention would have been inappropriate."); Metro. Life Ins. Co. v. Guardian Life Ins. Co. of Am., No. 06 C 5812, 2007 WL 1169704, at *3 (N.D. Ill. Apr. 17, 2007) ("[T]he state court case has been concluded, and Colorado River no longer applies."); Mahnke v. Executive Tans, No. 07-1416 DSD JJG, 2007 WL 2340056, at *2 (D. Minn. Aug. 13, 2007) ("The typical remedy, where Colorado River abstention occurs, is to stay or dismiss until the state court proceeding is concluded. Because the Colorado district court has already proceeded to a final judgment, concerns about Colorado River abstention have become moot."); see also Bass v. Butler, 258 F.3d 176, 179 (3d Cir. 2001) ("[A]bstention is now inapplicable because it provides for federal deference to ongoing . . . parallel proceedings.").

Because plaintiff has dismissed his case in superior court, there is no longer a pending state court case. There is no longer a concern about wise judicial administration or waste of judicial resources because there is only one ongoing case. See Colorado River, 424 U.S. at 817. Therefore, the court will deny defendant's request to dismiss or stay under the Colorado River doctrine.

**CONCLUSION**

Defendants have stated that the defendant identified by plaintiff as "Clason" should have been identified as Clawson. The Clerk of the Court is ORDERED to update the docket to reflect the proper spelling of this defendant's name.

For the reasons set forth above, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss and request for stay (ECF No. 28) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

9

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 21, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:18
DB/DB Prisoner Inbox/Civil Rights/S/bail1670.mtd.fr